IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01618-PAB

JENNIFER WARD,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendant Allstate Fire and Casualty Insurance Company. Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 5, ¶ 19.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

The facts presently alleged are insufficient to establish that the Court has subject matter jurisdiction pursuant to § 1332 because defendant has not established plaintiff's citizenship. Defendant alleges that plaintiff was a "citizen" of Colorado "[a]t all relevant times"; however, defendant bases this allegation on the complaint, which states that plaintiff is a "resident" of Colorado. Docket No. 1 at 1-2, ¶ 3 (citing Docket No. 1-1 at 1, ¶ 1). Domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing

diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Defendant argues that plaintiff's "continuous residence in Colorado" since March 21, 2018 establishes her citizenship. Docket No. 1 at 1-2, ¶ 3; *see also* Docket No. 1-1 at 2, ¶ 3 (date of car accident). However, fifteen months of continuous residence demonstrates only that plaintiff is a resident of Colorado, not that she is domiciled in Colorado.

Because defendant's allegations are presently insufficient to allow the Court to determine whether it has subject matter jurisdiction under 28 U.S.C. § 1332, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **5:00 p.m. on June 28, 2019**, defendant shall show cause why this case should not be remanded to the District Court for El Paso County, Colorado, due to the Court's lack of subject matter jurisdiction.

DATED June 17, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge